[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The following procedural history is relevant to the court' s decision in this matter. The plaintiff's complaint consisted of two counts, the second of which the plaintiff withdrew at the evidentiary hearing on June 8, 1999. The remaining count was to collect on a promissory note. CT Page 10059
Counsel for the defendant filed his appearance with the court on April 7, 1998 together with an answer to both counts essentially denying the allegations of the plaintiff's complaint. On April 13, 1998 the plaintiff claimed the matter for a court trial and on April 23, 1998 filed a request for admission to which the defendant responded on May 15, 1998.
Attempts by plaintiffs's counsel for further discovery proved fruitless. On April 9, 1999 the court (Holzberg, J.) entered a default against the defendant for his failure to comply with the orders of the court. On May 7, 1999 the plaintiff filed a Certificate of Closed Pleadings and claimed the matter for a hearing in damages to the court. The parties were notified that the matter would proceed on June 8 1999.
On June 8, 1999 the plaintiff and defendant appeared with their counsel. As previously indicated, the plaintiff orally withdrew the second count of his complaint. Prior to proceeding, the court informed the parties that the defendant's testimony would be limited to offers of proof that he paid all or part of the promissory note. Defendant's counsel orally moved to reopen the default which was denied by the court based upon the failure to comply with §§ 17-33, 17-34 and 17-35 of the Connecticut practice Book.
Following the hearing of June 8, 1999, the court has carefully considered the testimony of the parties and the witnesses, the exhibits admitted at the hearing and make the following findings:
1. The plaintiff and the defendant had a close business and personal relationship.
2. The defendant was active politically having served in the United States Congress from 1992-1996 and, during the pendency of this matter made an unsuccessful bid for the United States Senate during 1998.
3. The plaintiff served the defendant in the capacities of political district director, chief of staff and campaign manager in the 1992, 1994 and 1996 congressional campaigns.
4. In March of 1992 the defendant asked the plaintiff if he could borrow $35,000 to pay back taxes and other amounts that he owed being fearful that the back taxes might be an issue in the CT Page 10060 1992 campaign.
5. The plaintiff discussed the loan with his wife who insisted it be documented.
6. The plaintiff prepared a promissory note dated March 23, 1992 and which was signed by the defendant in the presence of the plaintiff. (Plaintiff's Exhibit B.) There was no payee named in the note but the plaintiff had the original in his possession.
7. On March 24, 1992 the plaintiff and his wife mortgaged their home and borrowed $36,900 from The Money Store/Connecticut, Inc. and received net proceeds of $35,000. (Plaintiff's Exhibit A).
8. At the direction of the defendant the plaintiff gave the defendant 4 or 5 bank checks totaling $35,000 of which $32,500 was made payable to the Rudo Group.
9. In August of 1992 the defendant paid the sum of $500 to plaintiff but made no further payments despite repeated requests to do so.
Accordingly, judgment may enter in favor of the plaintiff to recover of the defendant $35,500. So ordered.
JOHN R. CARUSO, J.